# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1191V
Filed: October 16, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANTHONY LAWSON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' fees and costs decision based on stipulation of fact

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

P. Richard Talley, Dandridge, TN, for petitioner.
Althea W. Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 16, 2015, the parties filed a stipulation of fact in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

In accordance with General Order #9, petitioner asserts that he did not incur any costs in pursuit of his petition. Petitioner submitted his request for attorneys' fees and costs to respondent. During informal discussions, respondent raised objections to certain aspects of petitioner's fees and costs petition. Petitioner now requests reimbursement for attorneys' fees and costs in the amount of $5,000.00. Respondent does not object to this amount. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$5,000.00**,

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

representing reimbursement for attorneys' fees and costs.  The award shall be in the form of a check payable jointly to petitioner and P. Richard Talley & Associates for **$5,000.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: <u>October 16, 2015</u>                                                           <u>s/ Laura D. Millman</u>
                                                                                                          Laura D. Millman
                                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

ANTHONY LAWSON, )
)
Petitioner, )            No. 14-1191V
)            Special Master
v. )                     Laura D. Millman
)            ECF
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
Respondent. )
)

## STIPULATION OF FACT CONCERNING
## ATTORNEYS' FEES AND COSTS

It is hereby stipulated, by and between the parties, the following factual matters:

1. P. Richard Talley, Esquire, is the attorney of record for petitioner in this matter.

2. A decision awarding compensation to petitioner based on the parties' stipulation was entered on October 14, 2015.

3. Petitioner informally submitted his application for attorneys' fees and costs ("Application") related to this matter to respondent to review.

4. In informal discussions, respondent raised objections to certain items in petitioner's fees and costs petition. Petitioner now requests reimbursement for attorneys' fees and costs in the amount of $5,000.00, payable jointly to petitioner and petitioner's attorney, P. Richard Talley, for all attorneys' fees and costs.

5. In compliance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses in the proceedings on her petition.

6. Petitioner understands that the payment totaling $5,000.00 represents all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). Counsel for respondent has informed counsel for petitioner that respondent does not oppose petitioner's request for $5,000.00 for all attorneys' fees and costs.

7. Nothing in this Stipulation, including the amount set forth in paragraph 6 should be construed as an admission, concession, or waiver by either party as to any of the matters raised by petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested, the number of hours requested, and other litigation-related costs.

1

Respectfully submitted,

Dated: 15 Oct 2015          By: _____
                                 P. RICHARD TALLEY
                                 Attorney for Petitioner
                                 P. Richard Talley & Associates
                                 P.O. Box 950
                                 Dandridge, TN 37725
                                 (865) 397-9878

Dated: 16 Oct 2015          By: _____
                                 ALTHEA WALKER DAVIS
                                 Senior Trial Counsel
                                 Torts Branch, Civil Division
                                 U.S. Department of Justice
                                 P.O. Box 146
                                 Ben Franklin Station
                                 Washington, D.C. 20044-0146
                                 (202) 616-0515

2